### Owsley v. Miller, et al.

(Decided October 2, 1912.)

Appeal from Laurel Circuit Court.

Finding of Chancellor—Sufficiency of Evidence.—In an action on two due bills, where the defendant pleaded fraud and also counterclaim for an amount in excess of the due bills, evidence examined and held sufficient to sustain the finding of the chancellor in favor of plaintiff.

SAM C. HARDIN for appellant.

BROWN & NUCKOLS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On July 31, 1903, the appellant, S. E. Owsley, executed to appellee, H. E. Miller, two due bills, one for $275.50, and the other for $410. On January 2, 1904, these due bills were asigned by H. E. Miller to appellee, Robert Miller. Neither of the due bills having been paid, Robert Miller instituted this action against S. E. Owsley to recover thereon. H. E. Miller, the payee and assignor of the due bills, was made a party plaintiff. Owsley filed an answer denying that he owed the due bills, or either of them. He also pleaded that the due

bills were obtained by fraud, covin and deceit on the part of H. E. Miller. In addition to these pleas, he further pleaded that H. E. Miller was indebted to him on account of certain partnership transactions in an amount greater than the amount of the due bills. The issues were made up, depositions taken, and on motion of appellant the action was transferred to equity. Appellant's motion to refer the matter to a commissioner for a settlement of the partnership accounts between H. E. Miller and appellant was overruled. Upon a final hearing, a judgment was rendered in favor of Robert Miller against Owsley for the full amount of the two bills. From that judgment Owsley appeals.

It appears that along about the year 1882, appellant and H. E. Miller, and Joe Melvin were engaged in the saw mill business near Hazel Patch, Kentucky. In the year 1886, appellant and H. E. Miller, each of whom had been acquiring coal and timber lands in Laurel County, entered into a partnership agreement by which they agreed to pool for their joint benefit all lands theretofore acquired and those which they might thereafter acquire. The agreement further provided that when they made a settlement of their accounts, each party was to have credit for the money paid by him on coal to date. In acquiring and handling these lands, both H. E. Miller and S. E. Owsley made certain expenditures out of their individual funds. According to the evidence for appellee, the parties, during the year 1903, made a settlement of the accounts between them, growing out of the land transactions. On July 31, of that year H. E. Miller produced an itemized statement of the expenditures which he had made. Owsley, while he did not produce an itemized statement claimed that he had spent a large sum. After deducting the amount which Owsley claims to have spent, from the amount which Miller claims to have spent, there was found to be due Miller the sum of $275.50, and the due bill for this amount, which is sued on, was thereupon executed by Owsley to Miller. According to evidence for appellees, the second due bill was executed under the following circumstances: M. A. Miller, wife of H. E. Miller, J. H. Hutchings and appellant, S. E. Owsley, owned in partnership some coal and timber lands in Laurel County. They employed H. E. Miller to superintend the prospecting for coal upon these lands, and to perform other services in connection

with them. On July 31, 1903, Miller's account for expenditures and services was produced, and it was ascertained that appellant, Owsley, owed H. E. Miller as his part of the expenses, the sum of $410.

While appellant charges fraud in the execution of these due bills, he fails to testify to any facts sustaining the charge. His chief defense seems to be based upon the fact that when these due bills were executed, they were not intended as a complete settlement, but merely as memoranda upon which to base a final settlement of the partnership accounts. Indeed, his testimony is confined principally to a discussion of the old partnership of H. E. Miller & Company, composed of H. E. Miller, Joe Melvin and appellant. He attacks certain credits claimed by Miller, and in addition thereto claims certain credits which are not given him. His evidence, however, is not very explicit; on the contrary, it consists of general statements which are rather vague and indefinite. H. E. Miller, however, produces statements from the books of the firm of H. E. Miller & Company, which books were kept by appellant and by a bookkeeper whom he employed. The books themselves not only fail to show any indebtedness on the part of H. E. Miller to Owsley, but tend to confirm H. E. Miller's statement that Owsley, as a matter of fact, was indebted to him.

It is insisted that the fact that H. E. Miller's son, Robert Miller, acquired title to the due bill in question was itself evidence of fraud. Robert Miller states that he took care of his father, H. E. Miller, and that these bills were assigned to him in consideration of such support.

There is nothing in the record to show that these due bills were assigned for the purpose of defeating any claim that appellant had against H. E. Miller. Indeed, the due bills were not negotiable, and Robert Miller, therefore, acquired them subject to any defense that appellant might have. The mere fact that the assignment was made from the father to his son constituted no fraud upon appellant's rights. The defendant could defend on the ground that the due bills were obtained by fraud, or by proving a counter claim growing out of the alleged partnership transactions, equal to the amount sued for. Upon the one side we have the due bills, signed by appellant, together with the evidence of H. E. Miller of the settlement made between them, show-

ing that these amounts were due. On the other hand we have the evidence of appellant hinting at fraud on the part of H. E. Miller, and claiming that the due bills were not intended to be a final settlement of their accounts, but merely memoranda upon which to base a final setlement, and that as a matter of fact, upon such final settlement, appellee was indebted to him in an amount in excess of the due bills. After a careful consideration of the record, we conclude that the weight of the evidence supports the finding of the chancellor.

Judgment affirmed.